The Honorable Steve Oliver Prosecuting Attorney Eighteenth Judicial District East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Oliver:
I am writing in response to your request for my opinion regarding the application of A.C.A. § 25-19-105(a), a subsection of the Arkansas Freedom of Information Act (FOIA), A.C.A. § 25-19-101 et seq., that provides:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
You report that the Faulkner County Sheriff has received a request to inspect certain public records setting forth his office's administrative policies. The records are kept in the administrative section of the department, which is open from 8 a.m. to 5 p.m. Monday through Friday. However, the sheriff's office obviously operates 24 hours per day, seven days per week. You have asked whether the latter fact dictates that administrative records be made available for inspection under the FOIA at any time, including evenings and weekends.
RESPONSE
In my opinion, a finder of fact might well conclude that the "regular business hours" of the custodian of the records at issue are 8 a.m. to 5 p.m. Monday through Friday, thus supporting the conclusion that no FOIA inspection need be permitted at other times. However, the law on this question is unclear. Moreover, determining who should be deemed the custodian of the records will involve undertaking a factual inquiry I am unauthorized and unable to conduct.
On the face of A.C.A. § 25-19-105(a), public records must be available for inspection only "during the regular business hours of the custodian of the records." At issue, then, is who is the "custodian" of the administrative records the requestor in this case wants to inspect. It may be the sheriff's office itself, which operates non-stop, or some individual in the administrative section, which I gather from your request is actually closed and locked outside the hours recited above. The Code provides no guidance on this question. Black's Law Dictionary
(7th ed. 1999) likewise provides little help, simply defining "custodian" as "[a] person or institution that has charge or custody of property, papers, or other valuables."
You recite in your request the pertinent case of Hengel v. City of PineBluff, 307 Ark. 457, 821 S.W.2d 761 (1991), in which the Arkansas Supreme Court held that the jail logs, arrest records and shift sheets of the Pine Bluff Police Department should be subject to inspection at any time, since the department never closes. The court explained:
 When an agency of the public, of necessity, operates twenty-four hours a day, absent some showing to the contrary, those are its "regular business hours," and its records must be available for reasonable inspection at all times during those hours of operation.
Id. at 457-58. You suggest that the situation in Hengel is distinguishable from that at issue here insofar as the records requested in Hengel were those of the jail division, which indeed operated full-time, not those of a sometimes closed administrative division. Although I am instinctively inclined to agree that this distinction is material, I have found no authority in this or any other jurisdiction that has addressed the issue. In Hengel, the court echoed its frequent pronouncements that the FOIA is to be liberally construed in favor of disclosure of public records. Id. at 463-64. However, I am not certain that this principle dictates making available at any time documents that in the normal course of business would be locked away in the equivalent of a closed office. My doubts on this score are only compounded by the fact that the only persons with knowledge of where the requested documents are may well be unavailable outside of the recited business hours. I believe the text of A.C.A. § 25-19-105(a) reflects only a legislative intention to make public records available at times when public employees are or should be present to locate and to identify them. I question whether the statute further requires that the sheriff or his designee come in to essentially reopen administrative offices to suit the requestor's convenience. However, legislative or judicial clarification on this question appears warranted.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh